the correct dutiable value of the merchandise. *United States* v. *Malhame & Co.*, 19 C. C. P. A. 164, T. D. 45276; *Transatlantic Shipping Co., Inc.* v. *United States*, 28 C. C. P. A. 19, C. A. D. 118; *Sears, Roebuck & Co.* v. *United States*, 31 C. C. P. A. 36, C. A. D. 246.

The evidence as to value in this case is inconclusive. Mr. Cano stated that he made some sales in Mexico in quantities of a dozen pieces for less than 20 pesos and that these sales were at retail. The letter written by Mr. Cano (defendant's collective exhibit 3) stated that the price would be 15 cents Mexican money each. Although Mr. Cano testified that the merchandise was sold or offered for sale to all purchasers at the same price and that he had no exclusive agreement with Mr. King, it appears from his letter that Mr. King was to purchase all the insignia manufactured for a period of 12 months. He admitted that the sales to persons other than Mr. King were insignificant. Moreover, in answering the appraiser's questionnaire (defendant's exhibit 5), the importer stated that the seller was not at liberty to sell to all purchasers for exportation to the United States and that such or similar merchandise was not sold for home consumption in the foreign market. The evidence is insufficient to establish the price at which such or similar merchandise is freely offered for sale to all purchasers in either the home market or for exportation in the usual wholesale quantities and in the ordinary course of trade; therefore, no foreign or export value can be found.

Plaintiff has failed to establish any values or bases of values differing from those found by the appraiser. I therefore find the proper bases of valuation to be the cost of production in reappraisement numbers 156475–A, 156481–A, and 156483–A, and the United States value as to the balance, and that such values are the appraised values of each item.

Judgment will be rendered accordingly.

WM. S. PITCAIRN CORP. *v.* UNITED STATES

No. 6503.—Invoices dated Birmingham, England, June 1943, etc.
Certified June 1943, etc.
Entered at New York, N. Y., July 15, 1943, etc.
Entry No. 701327, etc.

(Decided November 13, 1946)

*Benjamin A. Levett* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KEEFE, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly

MEAKIN & RIDGWAY, INC. *v.* UNITED STATES

No. 6504.—Invoices dated Stoke on Trent, England, May 1943, etc.
Entered at New York, N. Y., July 28, 1943, etc.
Entry No. 702694, etc.

(Decided November 13, 1946)

*B. A. Levett* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

KEEFE, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.

MADDOCK & MILLER, INC. *v.* UNITED STATES

No. 6505.—Invoices dated Hanley, England, June 1943, etc.
Certified June 1943, etc.
Entered at New York, N. Y., July 20, 1943, etc.
Entry No. 701847, etc.

(Decided November 13, 1946)

*B. A. Levett* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

KEEFE, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.